## Case No. 13,654.

### SUYDAM v. DAY.

[2 Blatchf. 20; 1 1 Fish. Pat. Rep. 88.]

Circuit Court, S. D. New York. April 25, 1846.

PATENTS—ASSIGNMENTS—PART INTEREST—TERRITORIAL ASSIGNMENT.

1. Under the patent laws of the United States, an assignee of a patent must be regarded as acquiring his title to it, with a right of action in his own name, only by force of the statute.

2. Such exclusive right of action exists in favor of a sole assignee only in two cases, namely, where he acquires, by assignment, the whole interest in the patent, or a grant or conveyance of the whole interest within some particular district or territory.

[Cited in Jaros Hygienic Underwear Co. v. Fleece Hygienic Underwear Co., 60 Fed. 624.]

3. Under sections 11 and 14 of the act of July 4, 1836 (5 Stat. 121, 125), an action is given only to such party (composed of one or more persons) as possesses the whole interest.

4. The subject-matter of a patent is not partible except in respect to territorial assignments.

[Cited in Blakeney v. Goode, 30 Ohio St. 359.]

5. Where a patent was granted for an improvement in the mode of preparing india-rubber with sulphur "for the manufacture of various articles," and S. became the assignee of the exclusive right to use the improvement "in the manufacture of shirred or corrugated india-rubber goods:" Held, that S. could not maintain an action in his own name alone for an infringement of his right by the manufacture of such goods.

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Demurrer to a declaration. The action was case for the infringement of letters patent [No. 1,090]. The plaintiff [David L. Suydam] counted on two patents. The first count set forth a patent to Charles Goodyear, assignee of Nathaniel Hayward, granted February 24th, 1839, for an "improvement in the mode of preparing caoutchouc with sulphur, for the manufacture of various articles," and an assignment by Goodyear to the plaintiff on the 24th of May, 1844, of "the exclusive right, privilege, and license to use the said improvement in the manufacture of shirred or corrugated india-rubber goods," and alleged an infringement by "the manufacture of shirred or corrugated india-rubber goods." The specification of the said patent described the invention as an "improvement in the mode of preparing caoutchouc, gum-elastic or india-rubber, for the manufacturing of various articles in which that substance is used." The claim was "the combining of sulphur with gum-elastic, either in solution or in substance, either in the modes above pointed out, or in any other which is substantially the same, and which will produce a like effect." The second count set forth a patent to Charles Goodyear, granted June 15, 1844 [No. 3,633], for an "improvement in india-rubber fabrics." The claims of the last-mentioned patent were: (1.) The combining of caoutchouc "with sulphur and with white-lead, so as to form a triple compound, either in the proportions herein named, or in any other within such limits as will produce a like result. And I will here remark, that although I have obtained the best results from the carbonate of lead, other salts of lead, or the oxides of that metal may be substituted therefor, and will produce a good effect. I, therefore, under this head, claim the employment of either of the oxides or salts of lead, in the place of the white-lead in the above-named compound." (2.) "In combination with the foregoing, the process of exposing the india-rubber fabric to the action of a high degree of heat, such as is herein specified." The second count also set forth an assignment by Goodyear to the plaintiff on the 24th of May, 1844, of "the sole and exclusive right to use, in the manufacture of corrugated or shirred india-rubber goods, the application of white-lead and the oxides of lead in connection with the application of artificial heat, and in combination with india-rubber and sulphur, in the manner and proportions set forth in the specification annexed" to the last mentioned patent, and averred that the said specification and the application for letters patent under the same were, at the time of the making of the assignment, on file in the patent office, according to law, and alleged an infringement by "the manufacture of shirred or corrugated india-rubber goods or fabrics." The defendant [Horace H. Day] demurred to both counts, and the plaintiff joined.

George Griffin and Francis B. Cutting, for defendant.

Seth P. Staples, for plaintiff.

(1.) By the act of congress, the plaintiff can maintain an action in his own name, for injury to his rights under the patents. He has the exclusive right to use the patents for his own profit. Under section 11 of the act of July 4, 1836 (5 Stat. 121), a party may sell any undivided part of his interest in a patent. The right to sell is not confined to an aliquot or integral part of the patent, but applies also to the divisible properties of the invention. Section 14 of the same act also tends to support the idea that a person who has an exclusive right in a patent, may have a remedy by action, may disclaim, &c., and, under section 17, a bill in equity may be filed by "any party aggrieved."

(2.) The plaintiff can sustain this action on the general principles of the common law. It is an action on the case, and the law furnishes the remedy where the right is established.

THE COURT (NELSON, Circuit Justice, and BETTS, District Judge) held: (1) Under the patent laws of the United States, an assignee of a patent must be regarded as acquiring his title to it, with a right of action in his own name, only by force of the statute. (2) Such exclusive right of action exists in favor of a sole assignee only in two cases, namely, where he acquires, by assignment, the whole interest in the patent, or a grant or conveyance of the whole interest within some particular district or territory. (3) Section 11 of the act of 1836, which authorizes the assignment of "the whole interest or any undivided part thereof," taken in connection with section 14 of the same act, gives an action only to such party (composed of one or more persons,) as possesses the whole interest. (4) The subject-matter of a patent is not partible except in respect to territorial assignments. (5) As the declaration in this case shows that the plaintiff has an interest in only a part of each patent, to wit, a license to use, in the manufacture of a particular kind of goods, the invention covered by each patent, it is bad on its face, and judgment must be rendered for the defendant.

[For other cases involving this patent, see note to Goodyear v. Railroads, Case No. 5,563.]