54 149
27ap626

## RICHARD T. TUTTLE AND OTHERS, APPELLANTS, v. CHARLES LA DOW, RESPONDENT, IMPLEADED, ETC.

*What constitutes a license under, and not an assignment of, a patented article.*

In an action, brought for the specific performance of a contract made by the defendant, Wheeler & Melick Co., and the defendant La Dow, with the plaintiffs assignors, to enforce the assignment of certain patents for inventions relating to spring-tooth harrows, which provided that "the parties of the first part do hereby sell, assign and transfer to the said parties of the second part all other harrow patents that they may have a right to use, so far as they may be used, in the territory named, in the manufacture and sale of harrows without wheels or poles, and do hereby agree to assign to said parties of the second part all harrow patents * * * to be used in the manufacture and sale of harrows made without wheels or poles." The territory consisted of the New England States and a certain portion of the State of New York.

Upon an appeal from a judgment, entered at Special Term sustaining a demurrer interposed to the complaint, upon the ground that the contract did not provide for an assignment of the patents in question, or of any share of the interest therein, but only for a license under such patents, and that such license was not assignable:

*Held,* that the decision should be affirmed.

APPEAL by the plaintiffs from a judgment of the Monroe Special Term, which was entered in the office of the clerk of Ontario county on the 8th day of January, 1889, adjudging that the plaintiff's complaint be dismissed, and from an interlocutory judgment, entered in the said county clerk's office on November 16, 1888, sustaining a demurrer interposed by the defendant La Dow to the complaint.

*J. H. Metcalf,* for the appellants.

*A. Chester,* for the respondent.

DWIGHT, J.:

The action was for the specific performance of a contract of the defendants, the Wheeler & Melick Company, and the demurrant, La Dow, with certain parties under the firm name of J. M. Childs & Co., which had been assigned by Childs & Co. to the plaintiffs under the firm name of G. B. Olin & Co. The performance sought to be enforced was the assignment of certain patents for inventions, relating to spring-tooth harrows, alleged to have been issued to the defendants, some of them before and some of them after the execution of their contract with Childs & Co. It is alleged that by such contract, which is set out in the complaint, the defendants agreed to assign all such patents to Childs & Co., and that by virtue of the assignment of such contract by Childs & Co. to the plaintiffs, the latter are entitled to have such patents assigned to them. The defendant, La Dow, demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the demurrer was sustained on the ground, as indicated by a brief memorandum of the judge at Special Term, that the contracts of the defendants with Childs & Co. did not provide for a grant or assignment of the patents in question, or of any share or interest therein, but only for a license under such patents, and that such license was not assignable. The questions thus presented turn upon the construction of the contract of the defendants with Childs & Co., and were, we think, decided in accordance with the law as established in the courts of the United States.

The paragraph of the contract under which the action was brought, being preceded by provisions in respect to other patents not here in question, reads as follows : " And the parties of the first part do hereby sell, assign and transfer to the said parties of the second part all other harrow patents they may have a right to use, so far as they may be used, in the territory named, in the manufacture and sale of harrows without wheels or poles, and do hereby agree to assign to said parties of the second part all harrow patents, patents for improvements and reissue of harrow patents which may be obtained by them by purchase or otherwise, to be used in the manufacture and sale of harrows made without wheels or poles." * * * The " territory " referred to in this provision was defined

by a former paragraph of the contract as the New England States and a certain portion of the State of New York.

The statute of the United States relating to the assignment of patents is in the following words: "Every patent or any interest therein shall be assignable in law, by an instrument in writing; and the patentee or his assigns, etc., may in like manner grant and convey an exclusive right under his patent to the whole or any specified part of the United States." (U. S. Rev. Stat., § 4898.) As the monopoly secured to the patentee is a creation of the statute, so the right to transfer or share that monopoly is given only and is strictly controlled by the same legislative authority. (*Gayler* v. *Wilder*, 10 How. [U. S.], 477, 494.) That authority is found in the statute just quoted. It has received frequent construction at the hands of the courts of the United States, and has been uniformly held to embrace only three classes of assignments or grants, viz.: First, of the entire monopoly for the whole of the United States; second, of an undivided share or interest in the entire monopoly for the whole of such territory; third, of an exclusive right to enjoy the entire monopoly within a specified portion of such territory; and any concession or conveyance short of one of these is not a grant or assignment, but only a license. However exclusive the right conveyed, however unlimited the territory over which it extends, if it be not the right to exercise all the privileges secured by the patent, if it leave any interest in the monopoly in the patentee within the territory defined, it is a license only. (Curtis on Patents, §§ 212, 213, and the cases cited; *Blanchard* v. *Eldridge*, 1 Wall. Jr. [U. S.] 337; *Theberath* v. *Celluloid Co.*, 3 Fed. Rep., 143; *Snydam* v. *Day*, 2 Blatch., 20; *Hamilton* v. *Kingsbury*, 17 id., 265; *Gamewell, etc., Tel. Co.* v. *Brooklyn*, 14 Fed. Rep., 255.) The cases cited variously illustrate the rule above stated. In several of them the fact which determined the character of the conveyance was that of the limitation of the exclusive right to make, use and sell the patented invention to a particular purpose; and such was the peculiarity of the contract of the defendants with Childs & Co. The limitation here was to such use as might be made of the patents referred to "in the manufacture and sale of harrows made without wheels or poles." And it plainly reserved to the owners of the patents the exclusive right

to manufacture and sell, within the territory covered by the proposed conveyances, all harrows on wheels and horse rakes to be made under such patents.

If we correctly apprehend the force and application of the rules so far considered, the judge at Special Term was right in his conclusion that the conveyances contemplated by the contract, in this case, with Childs & Co., were not assignments or grants but licenses merely. This brings us to the second proposition involved in the decision below, which seems to be equally well established, viz., that as licenses those conveyances are not assignable. The rule in this respect seems to be that in order to give the quality of assignability to a mere license it must contain express words to that effect; it must run to the licensee and his assigns, or by other equivalent language indicate the intention to make the privileges transmissible by the licensee. (Curtis on Patents, § 213; Walker on Patents, § 310; *Oliver* v. *Rumford Chemical Works,* 109 U. S., 75; *Curran* v. *Craig,* 22 Fed. Rep., 101; *Eclipse Windmill Co.* v. *Woodmanse Windmill Co.,* 24 id., 650; *Locke* v. *Lane & Bodley Co.,* 35 id., 289.)

There are no words of assignability in the contract of the defendants with Childs & Co., and we regard the cases cited as authority for the holding of the court below, that Childs & Co. took under that contract no right in respect to the patents in question which they could transfer to the plaintiffs.

If so, the complaint did not state facts sufficient to constitute a cause of action in favor of the plaintiffs, and the demurrer was properly sustained.

The judgment must be affirmed.

All concurred.

Judgment affirmed, with costs.